UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO C. ENCINAS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 1:19-cv-00470-LJO-GSA<br><br>**FINDINGS AND RECOMMENDATION FOR DISMISSAL OF CASE FOR FAILURE TO PROSECUTE** |

Plaintiff Julio C. Encinas, proceeding *pro se*, filed a complaint requesting a review of the Commissioner's denial of disability benefits on April 11, 2019. Doc. 1. On May 28, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis* and issued a scheduling order and summons to be completed and returned for service within twenty (20) days. Docs. 3, 4 and 5. The scheduling order included detailed instructions for preparation and return of the summons for service by the U.S. Marshal. Doc. 5-3.

By July 18, 2019, Plaintiff had not returned the summons and associated documents to the Clerk of Court for filing by the U.S. Marshal, nor taken any other action to serve the Commissioner with the complaint. Accordingly, the Court entered an order directing Plaintiff either to return the summons and related documents for service by the U.S. Marshal or to file

1

proof of service within ten days. Doc. 6. Plaintiff did not respond to the July 18, 2019, order in any way.

Rule 110 of this Court's Local Rules provides that the "failure … of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

**RECOMMENDATION**

Accordingly, the undersigned recommends that the Court dismiss the above-entitled case for failure to prosecute.

///

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code § 636(b)(1)(B). Within **fourteen (14)** days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F. 2d 1391, 1394 (9th Cir. 1991); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 9, 2019**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE