UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO C. ENCINAS,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 1:19-cv-00470-GSA<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. 406(b)<br><br>(Doc. 37) |

Jonathan Omar Pena, counsel for Plaintiff Julio C. Encinas, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). Plaintiff was served a copy of the motion on June 27, 2022 by mail with instruction to respond, if at all, within 14 days of his receipt thereof. Doc. 37 at 9. Plaintiff did not file a response. Defendant responded to the motion summarizing the applicable law but providing no opposition thereto. For the reasons below, the motion will be granted.

**I.  Background**

Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of 25% of the past due benefits awarded. Doc. 37-2. The agreement also provide that counsel would seek fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an award of past due benefits and payment of the 25% contingency fee. *Id.*

On April 11, 2019 Plaintiff filed a complaint for review of the administrative decision denying his application for benefits. Doc. 1. The matter was fully briefed. Docs. 26, 30–31. On March 17, 2021, the Court entered an opinion and order reversing the decision of the Commissioner, directing entry of judgment in Plaintiff's favor, and remanding the matter to the agency for further proceedings. Doc. 32. The parties stipulated to payment of EAJA fees in an amount of $7,751.59. Doc. 36. On remand the agency determined that Plaintiff was disabled and entitled to past due benefits effective May 2014 yielding

a total past due benefit amount of $119,321.  Doc. 37-1 at 5.  From the past due benefit amount, the agency withheld 25% for potential payment to counsel. The withheld amount was $29,830.25.  *Id.*

## II.     **Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount.  *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No. 1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

## III.   **Analysis**

Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a judgment on the merits of his brief and ultimately a substantial award of past due benefits.  There is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance.  Counsel's itemization reflects 38.55 hours expended to litigate the case through judgment, which the court

finds is a reasonable expenditure of time considering the complexity of the case and the length of the administrative record at 1100 pages. Doc. 37-3 at 3. Counsel seeks $29,830.25 based on 38.55 hours of work, resulting in an effective hourly rate of $773.80. Unlike fee motions governed entirely by the lodestar method, in contingency fee matters pursuant to section 406(b) the lodestar is merely a guidepost, and a comparatively high effective hourly rate is generally warranted to compensate counsel for the risk assumed in representing social security claimants. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

Moreover, the $773.80 effective hourly rate sought here is consistent with the rates approved by other courts under section 406(b). *See, e.g.*, *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (effective hourly rate of $1,553.36); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) ($1,546.39 per hour).

The $29,830.25 total amount is also consistent with total contingent fee awards granted under section 406(b). *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500).

Considering the character of the representation, the result achieved, and the fee amounts awarded in similar cases, the request here is reasonable.

Accordingly, it is **ORDERED** as follows:

1. Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 37) is granted.
2. The Commissioner shall certify a payment of a gross award in the amount of $29,830.25 to Jonathan O. Peña.
3. Jonathan O. Peña shall refund to Plaintiff EAJA fees previously awarded in the amount of $7,751.59.

IT IS SO ORDERED.

Dated: **November 8, 2022**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE